IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-209 |
| BRANDON JOHNSTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Brandon Johnston was sentenced to a period of 55 months' imprisonment after pleading guilty to Conspiracy to Commit Mail Fraud. (ECF No. 32.) Johnston is currently incarcerated at FCI Allenwood Low. He has now filed a Motion for Compassionate Release (ECF No. 41) in light of the COVID-19 Pandemic. No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Johnston filed a request with the warden of his institution on June 14, 2020. (*See* ECF No. 41-2.) Therefore, the question facing the Court is whether Johnston has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

1

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also, United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming

2

seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Johnston has failed to establish extraordinary and compelling reasons for compassionate release. Johnston, who is 42 years old, identifies four medical issues which he asserts heighten his risk of suffering from severe illness should he contract COVID-19: (1) he has a history of chronic sinusitis; (2) he suffers from prediabetes; (3) he has a history of reactive Hepatitis C; and (4) he has been diagnosed with certain psychological disorders. (*See* ECF No. 41, at 4.) None of these conditions appear on the list of conditions which the CDC has confirmed are associated with a heightened risk of severe illness, and Johnston has not provided any medical evidence otherwise indicating that he is particularly at risk. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed September 11, 2020). Further, there are currently no confirmed active case of COVID-19 at FCI Allenwood Low. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed September 11, 2020).

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Johnston's legitimate concerns about his health and living situation. However, Johnston has not provided evidence of circumstances differentiating him from the thousands of similarly situated incarcerated individuals as necessary for a finding of "extraordinary and compelling reasons" for judicial relief. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]"). Johnston's Motion for Compassionate Release

(ECF No. 41) is accordingly DENIED without prejudice to his ability to refile should his medical condition or conditions at his facility significantly change.

DATED this 11th day of September, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge